B 1 (Official Form 1) (1/08)

# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Vectrix Corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 05-0489708 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 55 Samuel Barnet Boulevard, New Bedford, MA — ZIP CODE 02745 | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: Bristol, MA | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer, debts defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $10,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $10,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

American LegalNet, Inc.
www.FormsWorkflow.com

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Vectrix Corporation |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). X _____ Signature of Attorney for Debtor(s)     (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

American LegalNet, Inc.
www.Forms*Workflow*.com

| Voluntary Petition
*(This page must be completed and filed in every case.)* | Name of Debtor(s):
Vectrix Corporation |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X /s/ Garvan F. McDaniel, Esq.<br>Signature of Attorney for Debtor(s)<br>Garvan F. McDaniel<br>Printed Name of Attorney for Debtor(s)<br>Bifferato Gentilotti LLC<br>Firm Name<br>800 North King Street, Plaza Level<br>Address<br>Wilmington, Delaware 19801<br><br>(302) 429-1900<br>Telephone Number<br>09/28/2009<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ Michael J. Boyle<br>Signature of Authorized Individual<br>Michael J. Boyle<br>Printed Name of Authorized Individual<br>President and Chief Executive Officer<br>Title of Authorized Individual<br>09/28/2009<br>Date | |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNANIMOUS WRITTEN CONSENT
# OF THE
# BOARD OF DIRECTORS OF
# VECTRIX CORPORATION

## September 27, 2009

The undersigned duly acting Secretary of Vectrix Corporation, a Delaware corporation (the "Corporation"), hereby certifies that the following resolutions of the Board of Directors of the Corporation (the "Board") were duly adopted at a Special Meeting of the Board, duly noticed and held as of the date first written above pursuant to and in accordance with the certificate of incorporation and bylaws of the Corporation and applicable law:

WHEREAS, the Board held a Special Meeting on July 30, 2009 at 11.30 a.m. Eastern Standard Time at which the Board resolved that, that in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors and other interested parties, that the Corporation be authorized and empowered to file a voluntary petition for relief (the "Petition") under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Rhode Island for the purpose of initiating a bankruptcy case for the Corporation to liquidate and for all lawful purposes under the Bankruptcy Code;

WHEREAS, at the time of the July 30, 2009 Special Meeting of the Board, the Board had not received any viable offers for purchase of the Corporation and/or its assets;

WHEREAS, the Board shortly thereafter received bids from third parties to purchase substantially all of the assets of the Corporation, and held a Special Meeting on September 3, 2009 to choose the best and highest bid for the Corporation's assets from among the bids received;

WHEREAS, the Board chose the bid of GH Venture Partners, LLC ("GHV") at the Special Meeting held on September 3, 2009, and has negotiated with GHV to enter into a definitive purchase agreement for the Corporation's assets; and

WHEREAS, an Asset Purchase Agreement in the form attached hereto as Exhibit A was executed between New Vectrix, LLC, as buyer and designee of GHV, and the Corporation, as seller, on September 24, 2009 (the "APA"), pursuant to which New Vectrix, LLC has agreed to purchase, and the Corporation has agreed to sell, substantially all of the assets of the Corporation under section 363 of the Bankruptcy Code and otherwise through the chapter 11 process, subject to higher and better offers for the assets as may be determined during the course of the chapter 11 proceedings.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, and based on the foregoing, it is desirable and in the best interests of the Corporation, its creditors and other interested parties, that the Corporation be authorized and empowered to enter into, execute. deliver and perform its obligations under the APA and to file a voluntary petition for relief (the "Petition") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), for the purpose of initiating a bankruptcy

case (the "Bankruptcy Case") for the Corporation to sell substantially all of its assets to New Vectrix, LLC or a bidder making a higher and better offer in accordance with the Bankruptcy Code and any orders of the Bankruptcy Court, and thereafter to liquidate and distribute the proceeds of the sale of its assets in accordance with the Bankruptcy Code; and be it further

RESOLVED, that the officers of the Corporation (collectively, the "Officers") be, and each of them hereby is, empowered, authorized and directed on behalf of and in the name of the Corporation (i) to execute and deliver the APA and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one of more such officers shall approve as necessary or desirable, in order to consummate the transactions contemplated by the APA, which documents shall contain such terms and provisions as such Officer shall approve, which approval shall be conclusively evidenced by the execution and delivery of such documents, (ii) to execute and verify the Petition as well as any other ancillary documents, and related motions and/or schedules and to cause the Petition to be filed with the Bankruptcy Court at such time hereafter as any of them may determine in his or her sole and absolute discretion, and (iii) to perform any and all such acts as are reasonable, advisable, expedient, desirable, convenient, proper or necessary to effect any of the foregoing; and be it further

RESOLVED, that the Officers of the Corporation be, and each of them hereby is, empowered, authorized and directed to conduct business operations as determined by any of them to be in the best interests of the Corporation's estate and the Corporation's creditors, including, but not limited to, a determination to continue business operations in contemplation of a sale of the Corporation or substantially all of its assets; and be it further

RESOLVED, that the Officers of the Corporation be, and each of them hereby is empowered, authorized and directed to continue to retain, on behalf of the Corporation and in its name, the law firm of Sheppard, Mullin, Richter & Hampton LLP as bankruptcy counsel, to render general legal advice and in the event that the Corporation files the Petition, to represent the Corporation in connection with such proceedings and all other related matters in connection therewith, on such terms as the Officers of the Corporation, and each of them, may or shall approve and/or have previously approved; and be it further

RESOLVED, that the Officers of the Corporation be, and each of them hereby is, empowered, authorized and directed, on behalf of and in the name of the Corporation to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in the Corporation's Bankruptcy Case, including without limitation, Bifferato Gentilotti as local bankruptcy counsel, on such terms as are deemed necessary, proper, or desirable; and be it further

RESOLVED, that the Officers of the Corporation be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Corporation, to take, from time to time any and all such action and to execute and deliver from time to time any and all such agreements, amendments, instruments, requests, receipts, applications, reports, certificates and other documents in connection with the transactions contemplated by the APA, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions,

applications and other papers and documents necessary or desirable in connection with the Bankruptcy Case, and to take any and all action deemed necessary, proper, or desirable in connection with the Bankruptcy Case, to carry out and perform the purposes of these resolutions, and the execution of such documents and taking of such action shall be conclusive evidence of the necessity or desirability thereof; and be it further

as may be necessary, appropriate or desirable in the opinion of such Officer to effectuate and comply with the purpose and intent of any or all of the foregoing resolutions; and be it further

RESOLVED, that any and all past actions heretofore taken by Officers or the Board of the Corporation in the name of and on behalf of the Corporation in furtherance of any or all of the preceding resolutions be, and the same hereby are ratified, confirmed, approved and adopted; and be it further

RESOLVED, that the actions and transactions contemplated by the foregoing resolutions, including without limitation, the filing of the Petition under chapter 11 of the Bankruptcy Code be, and each hereby is, authorized, approved, confirmed, ratified and adopted in good faith by unanimous consent of the Board, including by the affirmative votes of the independent directors.

IN WITNESS WHEREOF, the acting Secretary of the Corporation hereby certifies to the foregoing resolutions as of this 27th day of September, 2009.

_____
Name: John McGuinness
Title: Secretary

# United States Bankruptcy Court

District Of  Delaware

**In re**

Vectrix Corp.,                                    Case No. _____

**Debtor**                                        Chapter  11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am a partner at the firm of Sheppard Mullin Richter & Hampton LLP ("SMRH"), the attorney for the above-named debtor and that compensation paid to SMRH within one year before the filing of the petition in bankruptcy, or agreed to be paid to SMRH, for services rendered or to be rendered on behalf of the debtor in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, SMRH has agreed to accept ............................... $ 290,000.00

   Prior to the filing of this statement SMRH has received. ......................... $ 290,000.00

   Balance Due .................................................. $ 0.00

2. The source of the compensation paid to SMRH was:

   ☑ Debtor            ☐ Other (specify)

3. The source of compensation to be paid to SMRH is:

   ☑ Debtor            ☐ Other (specify)

4. ☑ SMRH has not agreed to share the above-disclosed compensation with any other person unless they are members and associates of SMRH.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, SMRH has agreed to render legal service for all aspects of the bankruptcy case through the filing date, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Negotiating a proposed section 363 sale of substantially all of the debtor's assets to a buyer.

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

A further description of the services to be provided to the Debtor in return for the above-disclosed fee will be provided in the Application of the Debtor Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) for an Order Authorizing the Retention and Employment of Sheppard, Mullin, Richter & Hampton LLP as Counsel for the Debtor Effective as of the Petition Date, to be filed in this bankruptcy case.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

   Services rendered and expenses incurred in connection with proceeding with the bankruptcy case after the filing date, which are to be paid by the debtor, as allowed by the Court.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

09/28/2009  /s/ Edward H. Tillinghast, III, Esq.
_____  _____
Date  *Signature of Attorney* on behalf of
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza, Suite 2400
New York, New York 10112
_____
*Name of law firm*

# United States Bankruptcy Court

District Of <u>Delaware</u>

**In re**

Vectrix Corp.,

**Debtor**

Case No. _____

Chapter <u>11</u>

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am a partner at the firm of Bifferato Gentilotti LLC ("Bifferato"), the attorney for the above-named debtor and that compensation paid to Bifferato within one year before the filing of the petition in bankruptcy, or agreed to be paid to Bifferato, for services rendered or to be rendered on behalf of the debtor in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, Bifferato has agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ <u>15,000.00</u>

   Prior to the filing of this statement Bifferato has received . . . . . . . . . . . . . . . . . . . . . . . $ <u>15,000.00</u>

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ <u>0.00</u>

2. The source of the compensation paid to Bifferato was:

   ☑ Debtor           ☐ Other (specify)

3. The source of compensation to be paid to Bifferato is:

   ☑ Debtor           ☐ Other (specify)

4. ☑ Bifferato has not agreed to share the above-disclosed compensation with any other person unless they are members and associates of Bifferato.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, Bifferato has agreed to render legal service for all aspects of the bankruptcy case through the filing date, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Negotiating a proposed section 363 sale of substantially all of the debtor's assets to a buyer.

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

A further description of the services to be provided to the Debtor in return for the above-disclosed fee will be provided in the Application of the Debtor Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) for an Order Authorizing the Retention and Employment of Bifferato Gentilotti LLC as Delaware Counsel for the Debtor Effective as of the Petition Date, to be filed in this bankruptcy case.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

See the Application of the Debtor Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) for an Order Authorizing the Retention and Employment of Bifferato Gentilotti LLC as Delaware Counsel for the Debtor Effective as of the Petition Date, to be filed in this bankruptcy case.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

09/28/2009
*Date*

/s/ Garvan F. McDaniel (DE Bar No. 4167)
*Signature of Attorney* on behalf of
Bifferato Gentilotti LLC
800 North King Street, Plaza Level
Wilmington, Delaware 19801
*Name of law firm*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VECTRIX CORPORATION, | Case No. 09-_____ (___) |
| Debtor. | |

## DEBTOR'S CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULES 1007 AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure and to enable the Judges to evaluate possible disqualification or recusal, Vectrix Corporation, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its undersigned counsel, certifies that it has no parent corporation and that the following are the corporations, other than the Debtor or a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's interests:

    (i)    I-Sol
              C/O Alex Voight
              Schiffbauerdamm 40, Rm. 601
              10117 Berlin
              Germany

    (ii)   RAB Capital PLLC
              1 Adam Street
              London, WC2N 6LE
              United Kingdom

Dated: September 28, 2009
Wilmington, DE

BIFFERATO GENTILOTTI LLC

/s/ Garvan F. McDaniel
Garvan F. McDaniel (DE Bar No. 4167)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
Telephone: (302) 429-1900
Facsimile: (302) 429-8600
Email: gmcdaniel@bglawde.com

-and-

Sheppard Mullin Richter & Hampton, LLP
Edward H. Tillinghast, III, Esq
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
Email: etillinghast@sheppardmullin.com
    mcademartori@sheppardmullin.com
    bwolfe@sheppardmullin.com

*Proposed Counsel for the Debtor
and Debtor-in-Possession*

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
District Of Delaware

In re Vectrix Corp., 
        Debtor

Case No. ____

Chapter 11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

    Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidaated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| E-Max ev's Germany Holding Ltd. Unit 1110, Lippo Sun Plaza 28 Canton Rd., TST Kowloon Hong Kong | E-Max ev's Germany Holding Ltd. Unit 1110, Lippo Sun Plaza 28 Canton Rd., TST Kowloon Hong Kong Facsimile: 49 89 638 99 52 29 | Trade debt | Disputed | 967,112.04 |
| EVB Technology (HK) Ltd. 4/F, Gold Peak Building 30 Kwai Wing Road Hong Kong | EVB Technology (HK) Ltd. 4/F, Gold Peak Building 30 Kwai Wing Road Hong Kong Facsimile: 852-2484-1362 | Trade debt | | 870,886.76 |
| Hughes, Peter 41 Martha's Lane P.O. Box 54 South Harwich, MA 02661 | Hughes, Peter 41 Martha's Lane P.O. Box 54 South Harwich, MA 02661 Facsimile: N/A E-mail: phughes41@comcast.net | Employee obligation | | 610,970.00 |
| Coady Diemar Partners, LLC 1370 Avenue of the Americas New York, NY 10019 | Cliff Adams Coady Diemar Partners, LLC 1370 Avenue of the Americas New York, NY 10019 Facsimile: 212-901-2611 | Broker Fee | Disputed | 305,579.00 |
| Blue Sky Holdings, LLC 130 Bellevue Avenue Newport, RI 02842 | Andrew McGowan Blue Sky Holdings, LLC 130 Bellevue Avenue Newport, RI 02842 Facsimile: 410-619-0692 | Broker Fee | Disputed | 269,920.00 |

*[Declaration as in Form 2]*

American LegalNet, Inc.
www.USCourtForms.com

| Creditor | Contact | Type | Status | Amount |
|---|---|---|---|---|
| Price Waterhouse Coopers<br>Greg Briggs<br>125 High Street<br>Boston, MA 02110 | Cosette Maroney<br>Price Waterhouse Coopers<br>Greg Briggs<br>125 High Street<br>Boston, MA 02110<br>Facsimile: 813-639-5798 | Professional Services | Disputed | 227,000.00 |
| Latham & Watkins<br>99 Bishopgate<br>London EC2M 3XF<br>United Kingdom | Michael Immordino<br>Latham & Watkins<br>99 Bishopgate<br>London EC2M 3XF<br>United Kingdom<br>Facsimile: 44 020 7374 4460 | Professional Services | Disputed | 162,769.00 |
| Cox, Steven R.<br>P.O. Box 392<br>Tiverton, RI 02878 | Cox, Steven R.<br>P.O. Box 392<br>Tiverton, RI 02878<br>Facsimile: N/A | Employee Obligations | | 145,700.00 |
| Hinckley, Allen & Snyder LLP<br>Peggy Farrell<br>1500 Fleet Center<br>Providence, RI 02903 | Peggy Farrell<br>Hinckley, Allen & Snyder LLP<br>Peggy Farrell<br>1500 Fleet Center<br>Providence, RI 02903<br>Facsimile: 401-457-5102 | Professional Services | | 127,441.70 |
| I-Site, Inc.<br>15 South 3rd Street, Suite 200<br>Philadelphia, PA 19106 | I-Site, Inc.<br>15 South 3rd Street, Suite 200<br>Philadelphia, PA 19106<br>Facsimile: 215-413-3128 | Trade debt | | 81,497.00 |
| Brookwood Middletown Tech, LLC<br>72 Cherry Hill Drive<br>Beverly, MA 01915 | Beth Sarni<br>Brookwood Middletown Tech, LLC<br>72 Cherry Hill Drive<br>Beverly, MA 01915<br>Facsimile: 978-927-0499 | Lease Obligations | | 64,146.88 |
| Service Point<br>303 Eddy Street<br>Providence, RI 02903 | Service Point<br>303 Eddy Street<br>Providence, RI 02903<br>Facsimile: 401-278-4045 | Trade debt | | 60,460.00 |
| Dorsey & Whitney LLP<br>P.O. Box 1680<br>Minneapolis, MN 55480-1680 | Brad Gould<br>Dorsey & Whitney LLP<br>P.O. Box 1680<br>Minneapolis, MN 55480-1680<br>Facsimile: 212-953-7201 | Professional Services | | 59,753.76 |
| Meier, Catherine F.<br>715 Black Point Lane<br>Portsmouth, RI 02871 | Meier, Catherine F.<br>715 Black Point Lane<br>Portsmouth, RI 02871<br>Facsimile: N/A<br>E-mail: cmeier@vectrixusa.com | Employee Obligations | | 59,280.00 |
| American Express<br>P.O. Box 2855<br>New York, NY 10116-2855 | American Express<br>P.O. Box 2855<br>New York, NY 10116-2855<br>Facsimile: 602-744-8867 | Trade debt | | 47,778.00 |
| Wilmoth Field Warne<br>Level 13, 440 Collins Street<br>Melbourne 300<br>Victoria, Australia | Wilmoth Field Warne<br>Level 13, 440 Collins Street<br>Melbourne 300<br>Victoria, Australia<br>Facsimile: 61 (03) 9224 1099 | Professional Services | | 42,646.00 |

*[Declaration as in Form 2]*

American LegalNet, Inc.
www.USCourtForms.com

| | | | | |
|---|---|---|---|---|
| Redleaf Communications<br>9-13 St Andrew Street<br>London EC4A 3AF<br>United Kingdom | Redleaf Communications<br>9-13 St Andrew Street<br>London EC4A 3AF<br>United Kingdom<br>Facsimile: 44 020 7822 0201 | Professional Services | Disputed | 35,350.36 |
| Channel Ark Enterprises<br>RM1505-1509 United Inter Bldg.<br>No. 19 Dongsanbum South Rd.<br>Chaoyang Dist., Beijing 100021<br>China | Stan Sun<br>Channel Ark Enterprises<br>RM1505-1509 United Inter Bldg.<br>No. 19 Dongsanbum South Rd.<br>Chaoyang Dist., Beijing 100021<br>China<br>Facsimile: 86 10 8766 7524 | Trade debt | | 33,000.00 |
| Epicor/i-Scala<br>P.O. Box 116515<br>Atlanta, GA<br>30368-6515 | Epicor/i-Scala<br>P.O. Box 116515<br>Atlanta, GA<br>30368-6515<br>Facsimile: 404-885-6056 | Judgment | | 27,964.00 |
| HSBC Commercial Banking<br>Level 33, 8 Canada Square<br>London E14 5HQ<br>United Kingdom4 | Nick Heller<br>HSBC Commercial Banking<br>Level 33, 8 Canada Square<br>London E14 5HQ<br>United Kingdom4<br>Facsimile: 44 020 7991 4444 | Professional Services | | 25,000.00 |

Date: September 28, 2009

            Vectrix Corporation
            Debtor

*[Declaration as in Form 2]*

American LegalNet, Inc.
www.USCourtForms.com

In re Vectrix Corporation_____,   Case No. _____
        **Debtor**                                (If known)

# DECLARATION UNDER PENALTY OF PERJURY
# ON BEHALF OF A CORPORATION OR PARTNERSHIP

     I, the President and Chief Executive Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the attached Schedule of 20 Largest Unsecured Creditors, and that it is true and correct to the best of my knowledge, information, and belief.

Date September 28, 2009          Signature: _/s/ Michael J. Boyle_____

Michael J. Boyle
President and Chief Executive Officer,
Vectrix Corporation
[Print or type name of individual signing on behalf of debtor.]

American LegalNet, Inc.
www.FormsWorkflow.com