IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VECTRIX CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-13347 (KG)<br><br>Re: Docket No. 8 |

## ORDER APPROVING BIDDING PROCEDURES AND RELATED RELIEF REGARDING THE SALE OF THE DEBTOR'S ASSETS, AND NOTICE THEREOF

Upon the motion, dated September 28, 2009 (the "**Motion**"),[1] filed by Vectrix Corporation, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), requesting entry of an order (I)(A) approving sale of certain of the Debtor's assets (the "**Purchased Assets**") free and clear of all liens, claims, encumbrances, and other interests pursuant to sections 105, 363(b), (f), and (m) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and approving the form of Asset Purchase Agreement, as such agreement may have been amended (the "**Purchase Agreement**"), by and between the Debtor and New Vectrix, LLC (the "**Buyer**"), and (B) authorizing the assumption, assignment, and sale of certain executory contracts and unexpired leases pursuant sections 363 and 365 of the Bankruptcy Code; (II) approving bidding procedures, break-up fee, and other protections in advance of sale; and (III) granting related relief, and the *Declaration of Michael J. Boyle in Support of the Debtor's Chapter 11 Petitions and Requests for First Day Relief*, filed contemporaneously with the Motion; and the Court having held a hearing to consider the relief requested herein on October 14, 2009 (the "**Hearing**") with the appearances of all interested

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Purchase Agreement.

parties noted in the record of the Hearing; and the Court having read and considered the Motion, objections to the Motion, if any, and arguments of any counsel appearing regarding the relief requested in the Motion at the Hearing, the Court finds and determines the following:

A. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334.

D. The Debtor has provided due and proper notice of the Motion and the Hearing to (i) the Office of the United States Trustee for the District of Delaware (Attn: Richard Schepacarter, Esq.); (ii) New Vectrix LLC, as Lender; (iii) Latham & Watkins LLP (Attn: Michael J. Riela, Esq.) and Duane Morris LLP (Attn: Christopher M. Winter, Esq.), as counsel for the Lender; (iv) the holders of the 20 largest unsecured claims as set forth in the consolidated list filed with the Debtor's petitions; (v) any known party interested in purchasing the Debtor's assets; (vi) any known holder of an alleged lien on the Debtor's assets; (vii) the Office of the United States Attorney General for the District of Delaware; and (viii) the Internal Revenue Service, and no further notice is necessary.

E. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

F. The relief granted herein is in the best interests of the Debtor, its estate, creditors, and all parties in interest.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in all respects and as set forth below. All objections to the Motion that have not been settled or withdrawn are hereby overruled.

2. The time period for notice pursuant to Bankruptcy Rule 2002(a) of a sale of certain of the Debtors' assets is hereby reduced to accommodate the sale as set forth in the Motion.

3. The following deadlines, protections, and procedures (the "**Bidding Procedures**") are approved and established in connection with the Debtor's contemplated sale of the Purchased Assets:

    a. **Due Diligence**. Parties interested in conducting due diligence in contemplation of making a bid for the purchase of some or all of the Purchased Assets will be required to execute a confidentiality agreement in form and substance acceptable to the Debtor, prior to gaining access to the due diligence materials.

    b. **Deadline for Submission of Bids**. The deadline for submitting any and all competing bids shall be no later than November 2, 2009 at 4:00 p.m. Prevailing Eastern Time or, such other date as is established by the Court hereafter (the "**Bid Deadline**").

    c. **Advertising Sale and Auction**. The Debtor shall use its best efforts to send a "teaser" by email, facsimile and/or regular mail advising of the terms of the Buyer's bid for the Purchased Assets under the terms of the Purchase Agreement and the opportunity to submit higher and better offers for the assets pursuant to these Bidding Procedures, to the following parties: (i) all parties contacted by the Debtor during the prepetition marketing period; (ii) all parties who signed Non-Disclosure Agreements or Confidentiality Agreements in connection with a possible purchase of the Debtor's assets during the prepetition marketing period; (iii) Debtor's unsecured creditors as listed in the Debtor's Schedules; and (iv) all parties identified by the Committee and its advisors.

    d. **Submission of Bids**. In order to qualify as a potential Qualified Bidder (as defined below) of the Purchased Assets, an interested bidder must timely submit a written bid (a "**Qualified Bid**") for the Purchased Assets that:

        i. Provides for a Purchase Price of (A) at least $2,250,000 in cash, representing (1) the cash component of the Purchase Price under the Purchase Agreement, plus (2) the amount of the Break-Up Fee and Expense Reimbursement as outlined in the Purchase Agreement, plus (3) an additional $50,000, and (B) includes an amount of at least $3,167,772 in Assumed Liabilities

(including KERP Payments, but excluding Cure Amounts for Assigned Contracts);

   ii. is accompanied by a cash deposit in an amount equal to 10% of the cash value of such Qualified Bid (by wire transfer prior to the Auction);

   iii. is accompanied by an executed Purchase Agreement in substantially the form of the Purchase Agreement attached hereto as <u>Exhibit A</u> and a blackline showing any such modifications the bidder is proposing, and that:

   iv. indicates which of the Purchased Assets such bidder proposes to acquire pursuant to the Purchase Agreement;

   v. indicates which of the Debtor's executory contracts and unexpired leases such bidder intends to take assignment of pursuant to the Purchase Agreement and/or that the bidder will have up to 30 days after the closing date to designate or remove Assigned Contracts from the requisite Schedules; and

   vi. does not contain any conditions to closing which are not contained in the Purchase Agreement (including financing and due diligence) or is based on terms or conditions any less favorable, or otherwise more burdensome or conditional than those set forth in the Purchase Agreement;

   vii. includes financial statements of such entity (or the entity that will furnish the funding required to consummate and perform under the Purchase Agreement) establishing such entity's financial wherewithal to timely close the transactions contemplated thereunder;

   viii. contains written evidence demonstrating adequate assurance of future performance by the acquiring entity to the non-Debtor parties under the unexpired leases and executory contracts to be assumed and assigned pursuant to the Purchase Agreement, which may include, without limitation, a representation as to the solvency of the bidder post-Closing;[2] and

   ix. contains a written statement identifying the controlling interest holders in the acquiring entity and evidence that the board of directors (or comparable governing body) for the entity making the bid has fully authorized and approved the submission, execution, and delivery of the Purchase Agreement and the consummation of the transactions contemplated thereby.

   x. is delivered to the following parties such that they are received by the close of business on the Bid Deadline: (i) the Debtor's President and Chief Executive Officer, Michael J. Boyle, Vectrix Corporation, 55 Samuel Barnet Boulevard, New Bedford, MA 02745, email – mboyle@vectrixusa.com; (ii) the

---

[2] Such information may be made available to the non-Debtor parties to the Debtor's unexpired leases and executory contracts, to assist such parties in analyzing the financial wherewithal of the potential bidder.

Debtor's counsel, Sheppard Mullin Richter & Hampton LLP, Attn: Edward H. Tillinghast, III, Esq. and Malani J. Cademartori, Esq., 30 Rockefeller Plaza, 24th Floor, New York, New York 10112, emails – etillinghast@sheppardmullin.com and mcademartori@sheppardmullin.com; (iii) counsel for the DIP lenders, Latham & Watkins LLP, Attn: Michael Immordino, Esq. and Michael Riela, Esq., 885 Third Avenue, New York, New York 10022, email – michael.riela@lw.com and michael.immordino@lw.com; and (iv) counsel for the Official Committee of Unsecured Creditors, Klehr Harrison Harvey Branzburg & Ellers, LLP, Attn: Joanne B. Wills, Esq., 919 Market Street, Suite 1000, Wilmington, Delaware 19801, email – jwills@klehr.com.

    e.    **Qualification of Bid**. After a potential bidder has delivered a bid, the Debtor, in consultation with the Official Committee of Unsecured Creditors, will determine whether (i) the potential bidder has demonstrated the financial capacity to consummate the purchase of the Purchased Assets; (ii) is reasonably likely to be able to and willing to consummate the contemplated transactions; and (iii) has otherwise timely satisfied the requirements described above. If so, the Debtor shall designate such potential bidder as a "**Qualified Bidder**" and such bid as a "**Qualified Bid**." Promptly after making such determination, the Debtor will advise such bidder of this determination and, if a bid is not designated as a Qualified Bid, provide a brief statement as to why it is not a Qualified Bid. The Buyer shall be deemed to have submitted a Qualified Bid.

    f.    **Auction**. In the event that competitive Qualified Bids are received, the Debtor will conduct an auction to determine the highest or best bid for the Purchased Assets on November 3, 2009 or, such other date as may be established by the Court, at the law offices of Bifferato Gentilotti LLC, 800 North King Street, Plaza Level, Wilmington, Delaware 19801, beginning at 10:00 a.m. Prevailing Eastern Time. The Auction will be transcribed. The Auction may be adjourned by announcement of the adjournment at the Auction to those parties who appear thereat.

    g.    **Auction Procedures**. Only Qualified Bidders who have submitted Qualified Bids will be eligible to participate at the Auction. At the Auction, Qualified Bidders will be permitted to increase and/or improve their bids. The bidding at the Auction shall begin with the highest and best offer for the Purchased Assets received by the Bid Deadline and continue in increments of no less than $50,000 of value to the Debtor's estate in excess of the preceding highest or best offer for the Purchased Assets at the Auction. For purposes on the preceding sentence, "value" shall be determined as an increase in the cash component or the designated minimum amount of Assumed Liabilities from the last highest and best bid, but shall not include any increase in the Warranty Cap under the Purchase Agreement. The Buyer shall have the right, but not the obligation to participate in the Auction. The Auction shall continue in one or more rounds of bidding and shall conclude after each participating bidder has had a reasonable opportunity to submit an additional subsequent bid with full knowledge of the then existing highest or best bid and the identity of other party making the then highest or best bid. The Debtor, in consultation with the Committee, may conduct the Auction in the manner they determine will maximize the value of the Purchased Assets. If the only

Qualified Bidder is the Buyer, the Auction may be cancelled and the Buyer be declared the Winning Bidder.

h. **Successful Bid**. At the conclusion of the bidding, the Debtor shall announce its determination as to the Qualified Bidder or Qualified Bidders (which may include the Buyer) making the highest or otherwise best offer at the Auction for the Purchased Assets and such Qualified Bidder or Qualified Buyer shall be declared by the Debtor to be the "**Winning Bidder**" or "**Winning Bidders**". The Winning Bid(s) shall be determined by the Debtor in consultation with counsel to the Committee. The Debtor may designate the next highest or best bidder or bidders for the Purchased Assets at the Auction as the "**Backup Bidder**" or "**Backup Bidders**".

i. **Sale Hearing**. The Court will hold a hearing to approve the Sale of the Purchased Assets to the Winning Bidder or Winning Bidders (the "**Sale Hearing**") in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware, 19801, on November 4, 2009 at 3:00 p.m. Prevailing Eastern Time, or such other date as is hereafter established by the Court. Each of the Winning Bidder or Winning Bidders and the Backup Bidder or Backup Bidders must produce a competent witness at the Sale Hearing (and any subsequent hearing) to provide testimony, if necessary, to establish adequate assurance of future performance by each such bidder under the unexpired leases and executory contracts to be assigned to such bidder, to the extent required by sections 365(b)(1)(c) and 365(f)(2)(b) of the Bankruptcy Code. At the Sale Hearing, the Debtor will request that the Court approve the sale of the Purchased Assets to the Backup Bidder or Backup Bidders in the event the contemplated sale to the Winning Bidder or Winning Bidders does not timely close; in which case such Backup Bidder or Backup Bidders shall become the Winning Bidder or Winning Bidders without further order of the Court. The Winning Bidder (if other than the Buyer) should be substituted for the Buyer under the Purchase Agreement (as amended to reflect terms of the Winning Bidder's bid) and the proposed Sale Order.

j. **Closing**. Closing shall take place promptly after the Sale Hearing and entry of the Sale Order and in no event later than November 9, 2009, subject to extension as provided in the Purchase Agreement.

k. **Return of Deposits**. The Debtor shall return the deposit of any Qualified Bidder that is not declared a Winning Bidder or the Back-up Bidder, 2 business days after the conclusion of the Auction. In the event a declared Winning Bidder fails to timely perform any material obligation under its Purchase Agreement, the declared Winning Bidder shall forfeit all deposits made, without regard to the Debtor's ultimate damages occasioned by such failure; such deposits shall be applied to the Debtor's damages, if any, and shall not constitute liquidated damages; and, notwithstanding the foregoing, the Debtor and the bankruptcy estates shall retain all other rights, remedies, claims, counterclaims, and defenses, including the right to seek equitable or injunctive relief. Notwithstanding the foregoing, the Deposit made by the Buyer under the Purchase Agreement shall be dealt with and returned as provided in the Purchase Agreement.

l.    **Reservation of Rights**. The Debtor reserves the right, in consultation with its professionals, and the Committee to alter these Bidding Procedures, and to establish procedures and rules during the Auction, as they may determine reasonably appropriate to maximize the value realized by the estates.

m.    **Damages for Controlling of Sales Price**. The proposed form of Notice of Bidding Procedures shall advise potential bidders that, under section 363(n) of the Bankruptcy Code and applicable law, the Debtor and/or its estate may avoid a transaction and recover damages (actual and possibly punitive) if the sale price for the Purchased Assets was controlled by an agreement among the potential bidders, Qualified Bidders or Winning Bidder(s).

n.    **Bid Protections**. The Buyer, if outbid, and if the Bankruptcy Court approves a competing transaction with a Qualified Bidder and the Debtor consummates such transaction shall be entitled to reimbursement of reasonable, documented expenses (the "**Expense Reimbursement**"), not to exceed the amount of $275,000 incurred in connection with the transaction contemplated by the Purchase Agreement, including amounts in connection with the Buyer's legal and advisory fees. The Buyer shall also be entitled to the payment of a break-up fee (the "**Break-Up Fee**") of $125,000 upon the closing of an alternative transaction with an entity other than the Buyer. The terms and payment of the Expense Reimbursement and Break-Up Fee are governed by the Purchase Agreement. In addition, the Buyer would be entitled to the Break-Up Fee and the Expense Reimbursement in the event of a material breach of any representation or warranty, or covenant or agreement to be performed or complied with by Seller pursuant to the terms of the Purchase Agreement or any other agreement contemplated hereby, which breach would result in a condition to closing becoming incapable of fulfillment or cure (and which condition has not been waived by Buyer in writing) prior to November 9, 2009. Moreover, the Buyer would be entitled to the Break-Up Fee and the Expense Reimbursement if the Debtor's chapter 11 case is dismissed or converted to a case under chapter 7 of the Bankruptcy Code and neither such dismissal nor conversion expressly contemplates the transactions provided for in this Agreement, or a trustee is appointed for Seller and such trustee rejects the transactions contemplated by the Purchase Agreement.

o.    **Cure Notices:** The Debtor shall file and serve a Cure Notice in the form attached to the Motion as <u>Exhibit B</u> on those non-Debtor parties to Assigned Contracts (the "**Contract Parties**") which are designated by the Buyer upon and after entry of this Order or by a Winning Bidder other than Buyer after the Auction, and shall provide additional Cure Notices as additional Assigned Contracts are designated by the Buyer or the Winning Bidder other than Buyer, thereafter and in accordance with the Purchase Agreement. In each case, the proposed form of Cure Notice will set forth the amounts the Debtor believes are owed to each Contract Party designated therein, in order to cure any defaults that exist under such Assigned Contract. The deadline for the Contract Parties to object to the Debtor's proposed Cure Amounts as listed in each such Cure Notice shall be that date which is 10 days after the filing of such Cure Notice. Any objections to the Cure Amounts timely filed and served by any Contract Parties in accordance with the Cure Notice, and which are not otherwise resolved by the parties, prior to the Sale Hearing shall be heard by the Court at the Sale Hearing. Any objections

timely filed to Cure Notices for which the objection deadline falls on a date after the Sale Hearing, shall be heard by the Court on a date or dates to be set by the Court after the Sale Hearing. The Buyer or Winning Bidder, as the case may be, shall be responsible for satisfying any Cure Amounts as may be agreed upon or otherwise set by final order of the Court and providing adequate assurance of future performance pursuant to section 365(b) of the Bankruptcy Code in connection with the proposed assumption and assignment of any Assigned Contract designated by such party.

4. Not later than three days after the entry of this Order, the Debtor will cause a notice of Bid Procedures and Auction, substantially in the form attached to the Motion as <u>Exhibit C</u> as modified to conform with this Order, to be sent by first-class mail postage prepaid to (i) the United States Trustee for the District of Delaware (Attn: Richard Schepacarter Esq.); (ii) counsel for the Committee; (iii) the Buyer; (iv) counsel for the Buyer; (v) all of the Debtor's known creditors; (vi) all entities known to have expressed a *bona fide* interest in acquiring the assets being sold; (vii) federal, state and local regulatory authorities (including taxing authorities) with jurisdiction over the Debtor; (viii) the Office of the United States Attorney for the District of Delaware; (ix) all other known parties-in-interest in these bankruptcy cases (including any party who has entered an appearance and request for service of papers pursuant to Fed. R. Bankr. P. 2002); and (x) holders of the Debtor's securities. Such notice of the proposed sale shall be good and sufficient for purposes of Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

5. The Debtor is authorized to disseminate written notice of these Bidding Procedures as set forth herein.

6. Any party objecting to the Sale of the Purchased Assets shall file with the Court (with a courtesy copy to chambers) its written objection and serve such objection (so as to be received) no later than November 4, 2009 by 12:00 p.m. Prevailing Eastern Time (the **"Objection Deadline"**), on (i) counsel to the Debtor, Bifferato Gentilotti LLC, 800 North King Street, Plaza Level, Wilmington, Delaware 19801, Attn: Garvan F. McDaniel, Esq., and

Sheppard Mullin Richter & Hampton, LLP, 30 Rockefeller Plaza, 24th Floor, Attn: Edward H. Tillinghast, III, Esq. and Malani J. Cademartori, Esq., (ii) counsel to the Lender, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: Michael J. Riela, Esq. and Duane Morris LLP, Suite 1200, 1100 North Market Street, Wilmington, Delaware 19801, Attn: Christopher M. Winter, Esq.; (iii) the United States Trustee for the District of Delaware, 844 King Street, Suite 2313, Wilmington, Delaware 19801, Attn: Richard Shepacarter, Esq.; and (iv) counsel for the Committee of Unsecured Creditors, Klehr Harrison Harvey Branzburg & Ellers, LLP, 919 Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Joanne B. Wills, Esq.

7. Objections to the Sale will be heard at the Sale Hearing to be held before this Court on November 4, 2009 at 3:00 p.m. Prevailing Eastern Time.

8. The Debtor and the Committee, including their respective professionals and advisors, shall cooperate in all respects during the marketing period and through the date of the Auction. In particular, the Debtor and the Committee shall each maintain a log of all parties who express any interest in acquiring the Debtor's assets and will communicate such contacts to each other on a daily basis, but only on those business days on which either the Debtor or the Committee, as the case may be, receives such an expression of interest.

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October 16, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE