ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VECTRIX CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-13347 (KG)<br><br>Re: Docket No. 8 |

**ORDER (I) APPROVING SALE OF CERTAIN OF THE DEBTOR'S
ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES,
AND OTHER INTERESTS PURSUANT TO SECTIONS 105, 363(b), (f), AND (m)
OF THE BANKRUPTCY CODE; (II) AUTHORIZING THE ASSUMPTION,
ASSIGNMENT, AND SALE OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES PURSUANT TO SECTIONS 363 AND 365 OF THE
BANKRUPTCY CODE; AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated September 28, 2009 (the "**Motion**"),[1] of Vectrix Corporation, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order (i)(a) approving the sale (the "**Sale**") of certain of the Debtor's assets (the "**Purchased Assets**") free and clear of all liens, claims, encumbrances, and other interests pursuant to sections 105, 363(b), (f) and (m) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and (b) authorizing the assumption, assignment and sale of certain executory contracts and unexpired leases pursuant sections 363 and 365 of the Bankruptcy Code, (ii) approving certain bidding procedures (collectively the "**Bidding Procedures**"), break-up fee and other protections (the "**Bid Protections**") in advance of the Sale, and (iii) granting related relief; and an order approving the Bidding Procedures and Bid Protections having been entered by the Court on October 16, 2009, as modified by the Order Extending Bid Deadline and Auction, entered by the Court on November 3, 2009 (together, the

---

[1] Terms capitalized but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

"**Bidding Procedures Order**"); and the Court having held a hearing on November 4, 2009 to consider the relief requested herein (the "**Hearing**") with the appearances of all interested parties noted in the record of the Hearing; and the Court having read and considered the Motion, objections to the Motion, if any, and arguments of any counsel regarding the relief requested in the Motion at the Hearing; and upon the record of the Hearing which is incorporated herein by reference; and the Court having determined that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein and that the relief granted herein is in the best interests of the Debtor, its estates, creditors and all parties in interest; the Court hereby finds and determines the following:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. Proper, timely, adequate and sufficient notice of the Motion, the Auction, the Sale Hearing and the Sale has been provided in accordance with sections 102(1) and 363(b) of the Bankruptcy Code, Rules 2002, 6004, 9006, 9007, 9008 and 9014 of the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Bidding Procedures Order. The Debtor proposed in the Motion and the Court has entered procedures for the provision of due and proper notice to each non-debtor counterparty to an Assigned Contract in connection with the assumption and assignment of each such Assigned Contract to be sold, assumed and assigned under and pursuant to the Purchase

Agreement, dated September 24, 2009, as such agreement may have been amended (the "**Purchase Agreement**"), by and between the Debtor and New Vectrix LLC or its designee pursuant to the Purchase Agreement (to be referred to herein as the "**Buyer**"), in the Bidding Procedures Order (the "**Cure Procedures**"). No other or further notice of the Motion, the Auction, the Sale Hearing, the Sale, and the assumption and assignment of the Assigned Contracts, except in accordance with the Cure Procedures, or of the entry of this Order is necessary.

C. A reasonable opportunity to object or be heard regarding the relief requested in the Motion, including without limitation, the Cure Procedures for the assumption and assignment of the Assigned Contracts pursuant to section 365(f)(2) of the Bankruptcy Code, has been afforded to all interested persons and entities as provided for in the Motion and Bidding Procedures Order.

D. The Debtor has demonstrated a sufficient basis and the existence of exigent circumstances requiring it to sell and/or assume and assign the Purchased Assets under sections 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment. Approval of the Motion and the Purchase Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Debtor, its creditors, and its estate.

**Jurisdiction and Statutory Predicates**

E. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is core pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (O). Venue is proper in this district and in this Court pursuant to 28 U.S.C. § 1408.

F. The statutory predicates for the relief sought in the Motion are sections 105, 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 6006 of the Bankruptcy Rules. The

proposed Sale constitutes a sale of property of the estate outside the ordinary course of business within the meaning of section 363(b) of the Bankruptcy Code.

**Good Faith of Buyer**

G.  Vectrix Acquisition Corp., a Delaware corporation, as Buyer and designee of New Vectrix LLC under and pursuant to the terms of the Purchase Agreement, is a good faith purchaser of the Purchased Assets within the meaning of section 363(m) of the Bankruptcy Code, is entitled to the protections thereof, and has otherwise proceeded in good faith in all respects in that: (i) the Buyer recognized that the Debtor was free to deal with any other party interested in acquiring the Purchased Assets; (ii) the Buyer complied with the material provisions of the Bidding Procedures Order; (iii) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed; (iv) the Purchase Agreement was negotiated and entered into in good faith, based upon arm's length negotiations, and without collusion; (v) the Buyer has not otherwise violated section 363(n) of the Bankruptcy Code by any action or inaction; and (vi) the negotiation and execution of the Purchase Agreement and any other agreements or instruments related thereto were in good faith.

H.  The terms and conditions of the Purchase Agreement, including the total consideration to be realized by the Debtor pursuant to the Purchase Agreement, are fair and reasonable, and the transactions contemplated by the Purchase Agreement are in the best interest of the Debtor's estate. The Purchase Price represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of this chapter 11 case, and constitutes adequate and reasonably equivalent value for the Purchased Assets.

**Highest or Best Offer**

I. The Debtor has complied in all material respects with the Bidding Procedures Order. The Bidding Procedures set forth in the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make an initial offer and then a higher or otherwise better offer to purchase the Purchased Assets. The Auction was duly noticed.

J. No Qualified Bids were received by the Bid Deadline and, in accordance with the Bidding Procedures Order, the Auction was duly canceled.

K. The Debtor's determination that the Purchase Agreement constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtor's business judgment.

L. The Debtor has demonstrated compelling circumstances and good, sufficient, and sound business purpose and justification for the Sale prior to, and outside of, a plan.

M. The Debtor has full corporate power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions contemplated by the Purchase Agreement, except as otherwise set forth in the Purchase Agreement.

**Successor Liability**

N. The Buyer does not constitute a successor to the Debtor or its estate, except with respect to the Assumed Liabilities as provided for under the Purchase Agreement.

O. The Sale does not amount to a consolidation, merger or de facto merger of the Buyer and the Debtor.

**Assumption, Assignment and Sale of Executory Contracts and Unexpired Leases**

P. The Debtor may assume the Assigned Contracts pursuant to and in accordance with the terms of the Cure Procedures and as may be designated by the Buyer pursuant to the

terms of the Purchase Agreement, and assign and sell each of them to the Buyer pursuant to sections 363 and 365 of the Bankruptcy Code and this Order, notwithstanding any anti-assignment clause or other provision in any of the Assigned Contracts granting rights or privileges personal to the Debtor or otherwise tending to limit the Buyer's use, enjoyment or benefit of the full panoply of rights and privileges under each such Assigned Contract enjoyed by the Debtor as provided in section 365(f) of the Bankruptcy Code. The assumption, assignment and sale of the Assigned Contracts pursuant to the terms of this Order is integral to the Purchase Agreement and is in the best interests of the Debtor and its estate, creditors and other parties-in-interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor.

Q. The Cure Notice set forth on **Exhibit B** to the Motion will be served upon each counterparty to the Assigned Contracts (each a "**Contract Party**") and the Cure Amounts set forth in the Cure Notice (as such amounts may be modified according to the Cure Procedures) are the sole amounts necessary under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Assigned Contracts.

R. The Buyer has provided or shall provide adequate assurance of its future performance under each of the Assigned Contracts and to the non-debtor counterparties thereto within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code prior to assignment thereof.

**Section 363 Sale**

S. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full. Therefore, the Debtor may sell the Purchased Assets free and clear of any liens, claims,

encumbrances, and other interests (collectively, "**Interests**") in the Purchased Assets (other than the Assumed Liabilities).

T. With respect to any and all entities and persons asserting any Interests in and to the Purchased Assets (including those of any taxing authorities or other Government Authorities), either: (i) such person or entity has consented to the Sale and transfer of the Purchased Assets free and clear of such Interest; (ii) applicable nonbankruptcy law permits the Sale of the Purchased Assets free and clear of such Interest; (iii) such Interest is in bona fide dispute; or (iv) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest.

U. The Purchased Assets do not include the Excluded Assets, as defined in the Purchase Agreement. The Excluded Assets shall remain subject to existing Interests, if any.

V. The Buyer is only assuming the Assumed Liabilities as explicitly set forth in the Purchase Agreement, and is not assuming any obligations other than the Assumed Liabilities.

W. The Debtor is only assuming, assigning, and selling to the Buyer the Assigned Contracts in accordance with the terms of the Purchase Agreement, the Cure Procedures and this Order, and is not assuming, assigning, or selling any executory contracts or leases other than the Assigned Contracts.

X. Given all of the circumstances of the Debtor's chapter 11 case, the Bidding Procedures implemented and the adequacy of the Purchase Price under the Purchase Agreement, the proposed Sale of the Purchased Assets to the Buyer under the Purchase Agreement, including without limitation, the Credit Bid (as defined in the Purchase Agreement) to be credited against the Purchase Price at the Closing as provided for in the Purchase Agreement and in exchange for

the release of any and all of the Debtor's obligations under the DIP Documents, constitutes a reasonable and fair exchange of consideration and value for the Purchased Assets.

**Miscellaneous**

Y.  All findings of fact and conclusions of law announced by the Court at the Sale Hearing are hereby incorporated herein.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  To the extent not previously approved pursuant to the Bidding Procedures Order, the relief requested in the Motion is GRANTED in its entirety with respect to the Sale of the Purchased Assets to the Buyer as set forth herein and in the Purchase Agreement.

2.  All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing, and all reservations of rights included therein are hereby overruled and denied on the merits.

3.  The Purchase Agreement is hereby approved in all respects, and shall be deemed in full force and effect, binding and benefiting the Debtor, the Debtor's estate and the Buyer.

4.  The Debtor is authorized, empowered and directed pursuant to sections 105, 363 and 365 of the Bankruptcy Code, to implement and consummate all of the transactions and perform all obligations contemplated by the Purchase Agreement, including without limitation, to sell and transfer the Purchased Assets to the Buyer and to assume, assign and sell to the Buyer the Assigned Contracts, for the Purchase Price and other consideration set forth therein, including without limitation, the Credit Bid to be credited against the Purchase Price at the Closing in exchange for the release of any and all of the Debtor's obligations under the DIP Documents and any liens granted to the Lender thereunder, as determined in accordance with the terms of the Purchase Agreement.

5. Upon the Closing, the Buyer shall take title to and possession of the Purchased Assets free and clear of all Interests, subject only to the Permitted Liens, Permitted Exceptions, and Assumed Liabilities. Pursuant to section 363(f) of the Bankruptcy Code and the Purchase Agreement with the exception of such Permitted Liens and Permitted Exceptions, the transfer of title to the Purchased Assets and the Assigned Contracts shall be free and clear of any Interest in or against the Purchased Assets. All Interests shall attach solely to the proceeds of the Sale with the same extent, validity (or invalidity), priority and perfection as they attached to the Purchased Assets immediately prior to the Closing.

6. This Order shall be binding in all respects upon the Debtor, its estate, all creditors of and holders of equity interests in the Debtor (whether known or unknown), any holders of Interests on the Purchased Assets, all non-debtor parties to the Assigned Contracts, all successors and assigns of the Buyer, the Debtor's affiliates and subsidiaries, and any trustees, if any, subsequently appointed in the Debtor's chapter 11 case or upon a conversion of the case to a case under chapter 7 under the Bankruptcy Code. This Order and the Purchase Agreement shall inure to the benefit of the Debtor, its estate and creditors, the Buyer, and their respective successors and assigns.

7. Notwithstanding anything to the contrary in this Order, subject to the terms of Section 1.1(i) of the Purchase Agreement, Buyer is not purchasing the funds that constitute the Bank of America Deposit or the Seller's account in which the Bank of America Deposit is held or the Letter of Credit, but is instead only purchasing Seller's right to receive the Bank of America Deposit to the extent not used to satisfy any obligations, liens, or rights of set off owing to, or that may be asserted by, the Bank of America under any of the governing documents between

Seller and Bank of America. Bank of America's consent is necessary to assign the Letter of Credit and the Bank of America Deposit, and such consent has not yet been obtained.

8. All entities that are in possession of some or all of the Purchased Assets on the Closing Date are directed to surrender possession of such Purchased Assets to the Buyer or its assignee at the Closing.

9. Except for the Assumed Liabilities or as otherwise expressly provided for in this Order or the Purchase Agreement, the Buyer shall not have any liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Purchased Assets for any period of time prior to the Closing Date. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase Agreement, the Buyer shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing, whether relating to or arising out of the Excluded Assets or the Purchased Assets or otherwise, other than the Assumed Liabilities (which specifically includes, without limitation, the Warranty Cap).

10. The Debtor is authorized to assume, assign and sell each Assigned Contract to the Buyer free and clear of all Interests in accordance with and pursuant to the terms of the Purchase Agreement and the Cure Procedures. The payment of any Cure Amounts (if any) shall (a) effect a cure of all defaults existing thereunder, (b) compensate for any actual pecuniary loss to such non-debtor party resulting from such defaults, and (c) together with the assumption and purchase of the Assigned Contracts by the Buyer, and subject to any objection thereto, constitute adequate assurance of future performance thereof. The assignment and sale by the Debtor of such

Assigned Contracts shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Debtor nor the Buyer shall have any further liabilities to the non-debtor counterparties to the Assigned Contracts other than the Buyer's obligations that accrue on or after the Closing Date under each such Assigned Contracts or otherwise pursuant to the Assumed Liabilities.

11. Subject only to section 365 of the Bankruptcy Code, any provisions in any Assigned Contract that prohibit or condition the assignment or sale of such Assigned Contract or allow the non-debtor counterparty to such Assigned Contract to terminate, recapture, impose any penalty, condition a renewal or extension, or modify or limit any term or condition upon the assignment or sale of such Assigned Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. Upon assumption and assignment of the Assigned Contracts pursuant to the Cure Procedures, and otherwise in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all rights, title, privilege and interest of the Debtor under each such Assigned Contract.

12. Pursuant to the Cure Procedures, including without limitation, payment of the relevant Cure Amount by the Buyer under any Assigned Contract, the Buyer shall be deemed to be substituted for the Debtor as a party to the Assigned Contract and the Debtor shall be relieved from all liability under and in connection with such Assigned Contract.

13. There shall be no rent accelerations, assignment fees, increases (including advertising rates), or any other fees, costs and amounts charged to Buyer as a result of the assumption, assignment and sale of the Assigned Contracts.

14. Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, and other than the Cure Amounts, all parties to the Assigned Contracts are forever barred and enjoined from raising

or asserting against Buyer or the Purchased Assets any assignment fee, default, breach, or claim or pecuniary loss, or condition to assignment, arising under or related to the Assigned Contracts existing as of the Closing or arising by reason of the Closing, except with respect to amounts that are Assumed Liabilities being assumed by the Buyer under the Purchase Agreement.

15. Pursuant to sections 105 and 363 of the Bankruptcy Code, any and all creditors of the Debtor shall be barred, estopped and enjoined from taking any action of any kind against Buyer and its affiliates or the Purchased Assets on account of any claim against the Debtor, or any Purchased Asset arising prior to the Closing Date under the Purchase Agreement, other than with respect to the Assumed Liabilities.

16. Except with respect to the Assumed Liabilities or as otherwise expressly provided in the Purchase Agreement and related documents, Buyer is not a successor to the Debtor or its estate by reason of any theory of law or equity and Buyer shall not assume or in any way be responsible for any liability or obligation of the Debtor and/or its estate.

17. Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the full protections thereof.

18. The Sale approved by this Order is not subject to avoidance, pursuant to section 363(n) of the Bankruptcy Code.

19. Pursuant to Rules 7062, 9014, 6004(h) and 6006(d) of the Bankruptcy Rules, this Order shall be effective immediately upon entry and the Debtor is authorized to close the Sale immediately upon entry of this Order.

20. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Interests of record against or in the Purchased Assets shall not have delivered to the Debtor or the Buyer prior to the Closing, in

proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all Interests that the person has with respect to the Purchased Assets, Buyer is hereby authorized to (a) execute and file such statements, instruments, releases and other documents necessary with respect thereto, and (b) file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests against or in the Purchased Assets except the Permitted Liens and Permitted Exceptions.

21. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the Purchase Agreement and the provisions of this Order.

22. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

23. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

24. The Debtor is hereby authorized to take all such actions and execute any agreements that shall be necessary to consummate and give effect to the Purchase Agreement without further order of the Court.

25. The Purchase Agreement and any related agreements, documents, or other instruments may be amended by the parties in a writing signed by such parties without further order of the Court, provided that (a) any such amendment does not have a material adverse effect on the Debtor or its estate, (b) any such amendment does not result in a reduction of the Purchase

Price; and (c) notice of such amendment shall be provided to the Official Committee of Unsecured Creditors.

26. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all modifications thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned or sold by the Debtor to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

27. To the extent that any provisions of this Order shall be inconsistent with the provisions in the Purchase Agreement, any prior order, or any pleading with respect to the motions in these cases, the terms of this Order shall control.

Dated: November 4, 2009
Wilmington, Delaware

_____
The Honorable Kevin Gross
United States Bankruptcy Judge